## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ROBERT REUSSOW, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) No. 1:25-cv-1910 ) |
| v. | ) ) |
| LEAFFILTER NORTH, LLC, | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) |

### COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Plaintiff, Robert Reussow, individually and on behalf of all others similarly situated, by his attorneys, complains against Defendant Leaffilter North, LLC, ("Defendant"), as follows:

### Nature of the Lawsuit

1. Defendant Leaffilter North, LLC ("Leaffilter") is in the business of providing home improvement services.

2. Plaintiff and other similarly situated individuals worked for Defendant performing work as outside salespersons selling gutters for residential housing and related services. Defendant or an entity related to Defendant performed the actual installation of the gutters. Defendant misclassified these workers as independent contractors instead of employees (the "Misclassified Workers").

3. The Misclassified Workers perform various tasks relating to the sale of gutters and related services.

4. The Misclassified Workers are economically dependent on Defendant for work.

5. Defendant paid the Misclassified Workers on commission.

6. The Misclassified Workers regularly worked more than 40 hours in a single workweek.

7. Defendant failed to pay the Misclassified Workers in accordance with the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), because it did not pay the Misclassified Workers overtime pay when they worked over 40 hours in individual workweeks.

8. Plaintiff brings this action on behalf of himself and all other similarly situated Misclassified Workers in Colorado who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individual workweeks, in violation of the FLSA.

9. Plaintiff brings his FLSA overtime claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of all Misclassified Workers who worked for Defendant in Colorado.

## The Parties

10. Plaintiff is an individual who at all times material to this Complaint resided in Colorado and has at all times material to this Complaint been a citizen of the State of Colorado. Plaintiff worked for Defendant in this judicial district, specifically Colorado, from approximately June 2021 to approximately early 2024.

11. Leaffilter is an Ohio limited liability company with its principal place of business in Hudson, Ohio.

12. Defendant conducts business in this judicial district.

## Jurisdiction and Venue

13. Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States.

14. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this district and Plaintiff was harmed in this district.

## Employee vs. Independent Contractor Under the FLSA

15. The FLSA requires employers to pay their employees 1.5 times their regular rate of pay for all time worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207.

16. The United States Department of Labor ("DOL") recently promulgated regulations establishing the test and factors to consider when determining whether a worker is an employee who is protected by the FLSA's provisions, or an independent contractor who is not protected by the provisions of the FLSA. *See* 29 U.S.C. § 795.100 *et seq*. (effective March 11, 2024).

17. The regulations were intended to confirm that the economic reality test that consistently has been applied by the courts and the DOL since the 1940s is the standard to determine employee vs. independent contractor status. *See* 89 FR 1638.

18. As the DOL explained:

> the [FLSA's] minimum wage, overtime pay, and recordkeeping obligations apply only to workers who are covered employees. Workers who are independent contractors are not covered by these protections. Labeling employees as "independent contractors" does not make these protections inapplicable. A determination of whether a worker is an employee or independent contractor under the Act focuses on the economic realities of the worker's relationship with the worker's potential employer and whether the worker is either economically dependent on the potential employer for work or in business for themselves.

29 U.S.C. § 795.105(a).

19. The DOL further explained that "economic dependence" is the ultimate inquiry:

> The [FLSA's] definitions are meant to encompass as employees all workers who, as a matter of economic reality, are economically dependent on an employer for work. A worker is an independent contractor, as distinguished from an employee under the Act, if the worker is, as a matter of economic reality, in business for themselves. Economic dependence does not focus on the amount of income the worker earns, or whether the worker has other sources of income.

29 U.S.C. § 795.105(b).

20. Finally, the DOL set forth several factors to consider in determining whether a worker is an employee or an independent contractor, including: (a) the worker's opportunity for profit or loss depending on managerial skill; (b) investments by the worker and the potential employer; (c) the degree of permanence of the work relationship; (d) the nature and degree of control the employer has over the performance of the worker's work; (e) the extent to which the work performed is an integral part of the employer's business; and (f) the worker's level of skill and initiative to perform the work. *See* 29 U.S.C. § 795.110(b). In considering these factors, a "totality-of-the-circumstances" analysis is to be used, and no single factor is dispositive. *Id.*, § 795.110(a).

### Factual Allegations

21. At all times relevant to this Complaint, Plaintiff worked as an outside salesperson for Defendant. This job included meeting with prospective customers at their homes, inspecting their existing gutter systems and surrounding areas of the home, and convincing the customer to purchase Defendant's products.

22. As part of his employment, Plaintiff would occasionally work over 40 hours a week and not receive overtime pay.

23. As part of his employment, Plaintiff, like the Misclassified Workers, was required to wear shirts and carry an ID card with Defendant's name and logo.

24. The Defendant, as it did with the other Misclassified Workers, closely controlled the work Plaintiff performed in his employment. (See, Ex. 1, pp. 3-6, ¶¶ 9-25).

25. The work performed by Plaintiff and the Misclassified Workers was an integral part of Defendant's business, as the primary purpose of their business was to manufacture and sell gutter protection systems.

26. At all times relevant to this Complaint, Plaintiff was economically dependent on Defendant.

27. At all times relevant to this Complaint, the other Misclassified Workers were economically dependent on Defendant.

28. At all times relevant to this Complaint, Plaintiff was not employed for himself.

29. At all times relevant to this Complaint, the other Misclassified Workers were not employed for themselves.

30. While working for Defendant, Plaintiff and the other Misclassified Workers did not have the opportunity for profit or loss based on managerial skills.

31. In particular, Plaintiff and the other Misclassified Workers could not:

   a. Meaningfully negotiate the charge or pay for the work they provided to Defendant;

   b. Accept or decline jobs from Defendant or choose the order and/or time in which the jobs were performed;

   c. Engage in marketing, advertising, or other efforts to secure more work; or

   d. Make decisions to hire others, purchase materials and equipment, and/or rent space.

32. While working for Defendant, Plaintiff and the other Misclassified Workers did not make any investments that were capital or entrepreneurial in nature. Plaintiff and the other Misclassified Workers did not make any investments that supported any independent business or served a business-like function.

33. The work relationship between Defendant and the Misclassified Workers was indefinite in duration, continuous, and exclusive of work for other employers.

34. Defendant directly controlled the performance of Plaintiff and the other Misclassified Workers' work.

35. Plaintiff initially reported directly to Mike McKevitt, an operations manager Defendant employed who had authority to direct Plaintiff's work. Subsequent to reporting to Mr. McKevitt, Plaintiff reported directly to Tianna More, also an operations manager Defendant employed who had authority to direct Plaintiff's work.

36. Defendant set the schedule of Plaintiff and the other Misclassified Workers' work, and Plaintiff and the other Misclassified Workers had no control over their schedule.

37. Defendant supervised the performance of Plaintiff and the other Misclassified Workers' work.

38. Defendant reserved and exercised the right to supervise Plaintiff and the other Misclassified Workers.

39. Defendant reserved and exercised the right to discipline Plaintiff and the other Misclassified Workers.

40. Defendant placed demands or restrictions on Plaintiff and the other Misclassified Workers that did not allow them to work for others or work when they choose.

41. When Plaintiff worked for Defendant, Plaintiff's primary job duties included meeting with prospective customers at their homes, inspecting their existing gutter systems and surrounding areas of the home, and convincing the customer to purchase the product.

42. The work Plaintiff and the other Misclassified Workers performed is an integral part of Defendant's business.

43. The work Plaintiff and the other Misclassified Workers performed is critical, necessary, and central to Defendant's business.

44. Plaintiff and the other Misclassified Workers did not use specialized skills in performing work for Defendant that materially differed from work performed by other sales representatives.

45. Plaintiff and the other Misclassified Workers received extensive training from Defendant to perform their work.

46. Defendant required Plaintiff and the other Misclassified Workers to work over 40 hours in one or more individual workweeks.

47. While working for Defendant, Plaintiff and the other Misclassified Workers did in fact work over 40 hours in one or more individual workweeks.

48. Defendant misclassified Plaintiff and the other Misclassified Workers as independent contractors and did not pay them pursuant to the overtime provisions of the FLSA.

49. Defendant paid Plaintiff and the other Misclassified Workers a set hourly rate for all time worked, including time worked over 40 hours in an individual workweek.

50. When Plaintiff and the other Misclassified Workers worked over 40 hours in individual workweeks, Defendant did not pay them overtime at one-and-one-half times their regular rate of pay.

**Plaintiff's Claim For Worker's Compensation Benefits from Defendant**

51. On June 28, 2023, Plaintiff severely fractured his left ankle while working for Defendant.

52. Plaintiff filed a claim for worker's compensation benefits in the Office of Administrative Courts, State of Colorado (WC 5-250-393-002) (the "Claim for WC Benefits").

53. One of Defendant's defenses to Plaintiff's claim for worker's compensation benefits was that Plaintiff was an independent contractor.

54. On October 24, 2024, Administrative Law Judge Patrick C.H. Spencer II of the Office of Administrative Courts issued a Findings of Fact, Conclusions of Law and Order (the "Administrative Order"). A copy of the Administrative Order is attached as Exhibit 1.

55. An evidentiary hearing was held on July 24, 2024, where Defendant was represented by counsel, oral testimony was offered and 38 exhibits were admitted into evidence.

56. The ALJ made numerous findings of fact and devoted about 3 pages of the Administrative Order analyzing the question of whether Plaintiff was an independent contractor rather than an employee of Defendant. (*See*, Ex. 1, pp. 3-6, ¶¶ 8-25, and pp. 7-10).

57. The ALJ concluded that "As a practical matter aside from the fact that [Plaintiff] was responsible for his own taxes and travel expenses, [Plaintiff] was functionally indistinguishable from an employee." (Ex. 1, pp. 7-10.)

58. The ALJ in the Administrative Order made the following finding: "Respondents' independent contractor defense is denied and dismissed."

**FLSA Allegations**

59. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

60. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

61. On information and belief, Defendant has had more than $500,000 in sales made or business done in each of the last three calendar years.

62. While working for Defendant, Plaintiff and the other Misclassified Workers were "employees" of Defendant, as such term is defined by Section 203(e) of the FLSA, 29 U.S.C. § 203(e).

63. Defendant was Plaintiff's and the other Misclassified Workers' "employer", as such term is defined by Section 203(d) of the FLSA, 29 U.S.C. § 203(d).

## **Collective Action Allegations**

64. Plaintiff brings Count I of this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other current and former Misclassified Workers. Plaintiff's consent form to participate in the collective action is attached to this Complaint as Exhibit 2.

65. Plaintiff's counsel seek to send notice of this lawsuit to the following described persons pursuant to Count I:

> All individuals who worked for Defendant as independent contractors in Colorado in the last three years who worked over forty hours in a workweek but did not receive overtime pay.

66. There are questions of law or fact common to the persons sought to be represented as part of this collective action, including whether the putative collective members were misclassified as independent contractors, whether they worked in excess of forty (40) hours in a workweek and if so, whether they were paid 1.5 times their regular rate of pay for all time worked in excess of forty (40) hours in a workweek.

67. Plaintiff is similarly situated to the putative collective members because Defendant misclassified them as independent contractors and failed to pay them the full amount of overtime pay due to them for all time worked over 40 hours in individual workweeks, as required by the FLSA.

68. Plaintiff is similarly situated to the employees sought to be represented in this collective action, as Plaintiff's claims are typical of the claims of those persons.

69. Plaintiff's claims or defenses are typical of the claims or defenses of the persons sought to be represented in this collective action.

70. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons sought to be represented in this collective action.

71. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

72. At all relevant times, Plaintiff and the persons sought to be represented as part of this collective action performed work for Defendant.

73. At all relevant times, Defendant paid Plaintiff and the persons sought to be represented as part of this collective action, to work.

74. Defendant is aware or should have been aware that the FLSA required them to pay Plaintiff and the persons sought to be represented in the collective action overtime pay for all time they worked more than 40 hours in individual workweeks.

### COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

75. Plaintiff re-alleges and incorporates Paragraphs 1 through 74 into this Count.

76. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiff and other Misclassified Workers when they worked over 40 hours in individual workweeks.

77. Plaintiff, individually and on behalf of the members of the putative collective action, seeks to recover from Defendant unpaid wages, liquidated damages, unpaid unemployment benefits, unpaid workers' compensation benefits, attorneys' fees, and costs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

78. At all times relevant to this Complaint, and at Defendant's request, Plaintiff and the members of the proposed putative collective described above performed work for Defendant.

79. Plaintiff and the members of the proposed putative collective were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

80. Defendant violated the FLSA by failing to pay overtime to Plaintiff and the members of the putative collective described above at a rate of one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

81. Defendant's violations of the FLSA were willful.

82. Plaintiff and the members of the putative collective described above have been damaged by not being paid the full amount of overtime wages due to them for all time worked more than 40 hours in a workweek, in an amount not presently ascertainable, during the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court award him the following relief against Defendant, under Count I, as follows:

      A.      Conditionally certify the collective described in paragraph 65, and grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the collective and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b);

      B.      Award all unpaid overtime wages due to Plaintiff and all persons who opt-in as party plaintiffs;

      C.      Award liquidated damages equal to the unpaid overtime compensation due;

      D.      Award unpaid unemployment benefits and unpaid workers' compensation benefits;

      E.      Award reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit;

      F.      Award all applicable pre-judgment and post-judgment interest amounts, if any; and,

      G.      Grant such further relief as this Court deems equitable and just.

Respectfully submitted,

Robert Reussow, individually, and on behalf of all others similarly situated,

By: /s/ *Christopher E. Roberts*
      One of Plaintiff's attorneys

Christopher E. Roberts #2658589
David T. Butsch (Mo. Bar No. 37539)*
Butsch Roberts & Associates LLC
7777 Bonhomme Ave, Ste. 1300
Clayton, MO  63105
Tel. (314) 863-5700
butsch@butschroberts.com
roberts@butschroberts.com

James X. Bormes (IL Bar No. 6202568)*
Catherine P. Sons (IL Bar No. 6290805)*
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, IL  60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

*Application for admission forthcoming